UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JACQUELINE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JOSEPH S. TOBENER, et al.,<br><br>　　　　Defendants. | Case No:  C 16-02209 SBA<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND** |

　　　Plaintiff Jacqueline Williams ("Plaintiff"), proceeding pro se and in forma pauperis ("IFP"), brings the instant action against Defendants Joseph S. Tobener, David Faraci (erroneously sued as "David Farcia"), and Tobener Law Center (erroneously sued as "Joseph S. Tobener Center") (collectively, "Defendants").  She alleges federal question jurisdiction based on a claim of discrimination under 42 U.S.C. § 1981.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court DISMISSES the operative complaint with leave to amend.

**I.　BACKGROUND**

　　　On April 22, 2016, Plaintiff filed a Complaint, Dkt. 1, along with an application to proceed IFP, Dkt. 2.  The case was initially assigned to Magistrate Judge Sallie Kim (the "Magistrate"), who granted Plaintiff's IFP application, but dismissed the comlpaint without prejudice for failure to state a federal claim.  Dkt. 11.  On July 5, 2016, Plaintiff filed the operative Amended Complaint.  Dkt. 12.

　　　Although the allegations of the Amended Complaint are difficult to decipher, it appears that Defendants represented Plaintiff (as well as other tenants) in an action against her landlord to address unsafe and otherwise unacceptable livable conditions in her building.  Am. Compl. ¶¶ 5(a)-5(d).  Defendants purportedly breached their Contingency

Fee Agreement by denying Plaintiff the full settlement to which she is entitled. Id. ¶ 5(i). Plaintiff, who "is an African American woman," alleges that Defendants violated the terms and conditions of the contract "because she is black." Id. ¶ 5(a). Plaintiff further alleges that Defendants' "discriminatory pattern and practices" violate 42 U.S.C. § 1981. Id. ¶ 5(j). No other factual details are alleged.

## II.     LEGAL STANDARD

A court may authorize the commencement of an action without prepayment of fees by a litigant who demonstrates that she is unable to pay. 28 U.S.C. §1915(a)(1). The Court has a continuing duty to dismiss such an action, however, if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but *requires* a district court to dismiss an in forma pauperis complaint that fails to state a claim.") (emphasis added).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing Lopez, 203 F.3d at 1122). The Court "take[s] as true all allegations of material fact stated in the complaint and construe[s] them in the light most favorable to the plaintiff." Id. (citation omitted). Because Plaintiff is pro se, the Court construes her pleadings liberally and affords her the benefit of any doubt. Id.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Although a pro se pleading must be liberally construed, pro se status does not excuse Plaintiff from complying with the requirement that she allege facts, not mere conclusions, in her complaint. See Brazil v. United States Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

## III. DISCUSSION

Section 1981 prohibits discrimination in the making and enforcement of contracts on account of race. See 42 U.S.C. § 1981. "For purposes of this section, the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To establish a claim under section 1981, a plaintiff must show that: (1) he or she is a member of a racial minority; (2) the defendant intentionally discriminated against the plaintiff because of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. Keum v. Virgin Am. Inc., 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011); see generally Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 476 (2006) (to state a claim under § 1981, a plaintiff must identify a contractual relationship impaired by intention racial discrimination).

Plaintiff fails to allege facts sufficient to support a claim of intentional discrimination. See Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989) (section 1981 requires a plaintiff to plead racial animus).[1] Plaintiff alleges that Defendants breached their contingency fee agreement "because she is black." However, mere conclusory allegations of intentional discrimination will not suffice. Iqbal, 556 U.S. at 678; see, e.g., Moralez v. Whole Foods Mkt. California, Inc., No. 14-CV-05022-EMC, 2016 WL 845291, at * 2 (N.D. Cal. Mar. 4, 2016) (finding that bare allegations of discrimination were insufficient to state a claim under section 1981). "To plead intentional discrimination, 'plaintiff cannot merely invoke his race in the course of a claim's narrative and automatically be entitled to pursue relief. Rather, plaintiff must allege some facts that demonstrate that race was the reason for defendant's actions.'" Mesumbe v. Howard Univ., 706 F. Supp. 2d 86, 92 (D.D.C. 2010) (quoting Bray v. RHT, Inc., 748 F. Supp. 3, 5 (D.D.C. 1990)). Plaintiff's

---

[1] Although acknowledging the threadbare nature of Plaintiff's allegations, the Magistrate previously found that Plaintiff's Amended Complaint is sufficient to state a claim. Dkt. 13. The Court exercises its discretion to reconsider that prior decision. See Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 532 (9th Cir. 2000) ("the District Court in its discretion may revisit prior interlocutory decisions entered by another judge in the same case if there are cogent reasons or exceptional circumstances").

Amended Complaint is devoid of *any facts* supporting the inference that race motivated Defendants' actions.  Accordingly, the Amended Complaint is hereby DISMISSED.

Dismissal is with leave to amend.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.")  However, the Court advises Plaintiff that this action may be subject to dismissal without leave to amend if further amendments fail to cure the identified deficiencies.  See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).  If Plaintiff elects to file a second amended complaint, she must do so by no later than **October 12, 2016**.  Failure to file an amended complaint by this deadline may result in the dismissal of the action without further leave to amend.  In any amended complaint, Plaintiff should clearly set forth each legal claim and the operative facts supporting such claims.  Specifically, Plaintiff should allege facts that support her claim that Defendants' conduct was racially motivated.  It is not necessary for Plaintiff to cite case law or include legal argument.  Finally, Plaintiff should be aware that an amended complaint supersedes the prior complaint; any amended complaint must therefore be complete in itself without reference to the superseded pleadings.

IT IS SO ORDERED.

Dated:  9/22/16

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
Senior United States District Judge